UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| JOSE ALVAREZ-PEREZ, ) | |
| a/k/a MARIO ALVAREZ-PEREZ, ) | |
|   ) | |
|   Petitioner, ) | Civil Action No. 12-CV-199-DLB |
|   ) | |
| V. ) | |
|   ) | |
| J. C. HOLLAND, Warden, ) | **MEMORANDUM OPINION** |
|   ) | **AND ORDER** |
|   Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Jose Alvarez-Perez, a/k/a Mario Alvarez-Perez, is an inmate formerly confined at the Federal Correctional Institution in Manchester, Kentucky.[1] While there, Alvarez-Perez, proceeding without an attorney, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the Bureau of Prisons ("BOP") unlawfully disallowed 64 days of Good Conduct Time from his sentence calculation, effectively extending the length of his sentence by more than two months. [R. 1] Alvarez-Perez seeks an order compelling the BOP to credit 64 days of Good Conduct Time to his sentence.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District

---

[1] Alvarez-Perez has since been transferred to the Federal Detention Center in Oakdale, Louisiana. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needing MoreList=false&IDType=IRN&IDNumber=10337-084-149-1718x=718y=10 (last visited on January 24, 2013).

Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Alvarez-Perez's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has reviewed Alvarez-Perez's habeas petition, and must deny relief because he failed to exhaust his administrative remedies before filing his petition.

**I**

In his petition, Alvarez-Perez alleges that before his transfer to FCI-Manchester, BOP officials credited him with 54 days of Good Conduct Time credit each year, but that following his transfer, staff at FCI-Manchester credited him with only 42 days of Good Conduct Time each year. Alvarez-Perez asserts that this conduct began in 2007 and continued through 2012, resulting in a cumulative loss of 64 days of Good Conduct Time. [R. 1-2, p. 3]

Alvarez-Perez alleges that he is a citizen of Mexico, and that as a result of his crimes, he is a deportable alien. [R. 1-1, p. 1] As such, he contends that he is exempt from the requirement that federal prisoners participate in the BOP's Literacy Program in order to be entitled to the full 54 days of Good Conduct Time they may earn. *See* Prison Program Statement 544.71(a)(1). His "Current Program Review: 07-03-2012" reflects that in December 2004, he was categorized as "Exempt GED Non-Promotable." [R. 1-2, p. 5] Other prison records from March 2008 indicate that, notwithstanding his GED-Exempt status, he was "GED Progress Unsatisfactory." [R. 1-2, p. 5]

2

Alvarez-Perez states that in July of 2012, he learned that the BOP's Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, has failed to award him the correct amount of earned Good Time Credit to his sentence, and that this error first appeared in his sentencing credits after he was transferred to FCI-Manchester. Alvarez-Perez contends that officials at the prison failed to provide the DSCC with the correct information establishing that he is exempt from participation in the BOP's Literacy Program, and as a result DSCC did not award him the full amount of Good Conduct Time credit. Alvarez-Perez states that he filed two separate complaints to the DSCC about this matter, but that he has received no response to either complaint. [R. 1, p. 2] Alvarez-Perez indicates that he did not file a formal grievance with the warden regarding his claims because he did not receive a response from DSCC. [R. 3, p. 2-3]

## II

Federal law requires a prisoner wishing to file a habeas corpus petition under 28 U.S.C. § 2241 to exhaust his or her administrative remedies before doing so. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-32 (6th Cir. 2006). The prisoner must invoke and complete the prison's grievance process before filing a habeas petition. *Wesley v. Lamanna*, 27 F. App'x 438, 439 (6th Cir. 2001). In this case, Alvarez-Perez candidly acknowledges that he did not exhaust his administrative remedies prior to filing suit, and his petition is therefore subject to dismissal without prejudice. *Leslie v. United States*, 89 F. App'x 960, 961-962 (6th Cir. 2004).

Alvarez-Perez contends that he should be excused from this requirement on the ground that pursuing such relief from the BOP would be futile, both because awaiting administrative determination of his claims could delay his release beyond his corrected release date should he

3

obtain the relief he seeks, and because BOP officials incorrectly instructed him to seek relief from the DSCC rather than through the grievance process. Neither argument is persuasive.

The Court has previously rejected similar arguments that the approaching release of a prisoner is, by itself, sufficient ground, to excuse a clear failure to exhaust administrative remedies. *Cf. Bethea v. Dewalt*, No. 09-CV-250-JBC, 2010 WL 55924, at *3 (E.D. Ky. Jan. 4, 2010). This is particularly so here, as the Court has previously noted, because Alvarez-Perez has provided no documentation whatsoever upon which to determine the reasons for the BOP's calculation of his good time credits. [R. 4, p. 2] Without a more complete record, the Court simply has no adequate evidentiary foundation upon which to determine the viability of Alvarez-Perez's claims. In addition, petitioner himself indicates that the BOP has been awarding him credits at a rate of 42 days per year since 2007, but he apparently made no effort to ascertain this fact or to seek reconsideration of the BOP's grounds for doing so until the eve of his release from custody. Any prejudice to Alvarez-Perez's ability to obtain a timely determination of his claims is thus an entirely self-inflicted injury. Nor did the BOP's administrative remedy process become "unavailable" simply because petitioner chose to avail himself of informal means to seek reconsideration of the BOP's calculation of his good time credits.

Accordingly, **IT IS ORDERED** that:

1. Jose Alvarez-Perez's petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 25th day of January, 2013.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\ORDERS\London\12-199 MOO RE 2241.wpd